**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JANET SHREVE,

        Plaintiff,

        v.

NEW JERSEY MOTOR VEHICLE
COMMISSION, et al.,

        Defendants.

Civil Action No. 15-7957 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    Plaintiff Janet Shreve ("Plaintiff") brings this suit against Defendants New Jersey Motor Vehicle Commission ("MVC") and Stephen Murphy ("Murphy"), the Employee Relations Administrator of MVC (collectively with MVC, "Defendants"). In the Complaint, Plaintiff asserts three claims against Murphy: (1) violation of 29 U.S.C. § 2615(a)(1) of the Family Medical Leave Act of 1993 ("FMLA"); (2) violation of 29 U.S.C. § 2615(a)(2) of the FMLA; and (3) violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 ("NJLAD"). In addition, Plaintiff asserts a claim against MVC for violation of NJLAD.

    This matter comes before the Court on Defendants' motion to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 8.) Plaintiff filed opposition (ECF No. 14), and Defendants replied (ECF No. 15). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons

set forth below, and other good cause shown, Defendants' motion to dismiss is granted in part and denied in part.

I. **Background**[1]

Plaintiff began working at MVC in 1973. In 2009, she experienced migraine headaches and sought treatment for this condition. (Compl. ¶ 10, ECF No. 1.) Based on her asserted inability to work as a result of the migraines, MVC approved Plaintiff for intermittent FMLA leave, which Plaintiff took in 2011, 2012, and 2013. (*Id.* ¶ 11.) Due in part to Plaintiff's absences from work in 2013, Defendants issued Plaintiff multiple Preliminary Notices of Disciplinary Action ("PNDA"). (*Id.* ¶¶ 11, 15, 16, 17, 22, 23.) The final PNDA declared an intent to terminate Plaintiff's employment. (*Id.* ¶¶ 23.) After receiving this PNDA, Plaintiff attended a meeting with a MVC representative who offered Plaintiff a demotion. (*Id.* ¶ 27.) Plaintiff rejected this offer. (*Id.*) Thereafter, Plaintiff, along with her union representative and the MVC representative, created a plan to address her migraine condition. (*Id.*) The plan provided that Plaintiff would take intermittent FMLA leave when she became eligible, which would occur after she worked forty-two more hours. (*Id.* ¶ 28.) After discussing this plan with Plaintiff, the MVC representative discussed the arrangement with Murphy, who rejected the plan and stated that MVC would accommodate Plaintiff only with a demotion. (*Id.* ¶ 30.) MVC then sent Plaintiff correspondence indicating that if she did not accept the demotion it "would pursue charges against her for an inability to perform the essential functions of her job . . . ." (*Id.* ¶ 32.) Plaintiff did not accept the demotion, and MVC subsequently terminated her employment. (*Id.* ¶ 36.) Following an arbitration

---

[1] For the purpose of this motion, the Court accepts the facts alleged in the Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (stating that on a Rule 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief").

2

proceeding with her collective bargaining unit, MVC reinstated her. (*Id.* ¶¶ 36, 38, 40.) Based on these allegations, Plaintiff brings the following causes of action against Murphy individually: (1) violation of the FMLA interference provision; (2) violation of the FMLA anti-retaliation provision; and (3) violation of the NJLAD employment retaliation provision. (*Id.* ¶¶ 41-54.) In addition, Plaintiff brings a cause of action against MVC for violation of the NJLAD employment retaliation provision. (*Id.* ¶¶ 47-54.)

## II.    Standard of Review

Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. The party invoking jurisdiction bears the burden of proof. *Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000). A Rule 12(b)(1) motion may be treated as a factual or facial challenge. *Harris v. Kellogg Brown & Root Servs.*, 724 F.3d 458, 464 (3d Cir. 2013). Here, Defendants make a facial attack on jurisdiction. A facial attack on jurisdiction contests the sufficiency of the pleadings, and the Court accepts the plaintiff's factual allegations as true. *Turicentro v. Am. Airlines*, 303 F.3d 293, 300 n.4 (3d Cir. 2002).

Generally, if a jurisdictional question is closely related to a case's merits, a court assumes that it has jurisdiction in order to reach the merits on a Rule 12(b)(6) motion. *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946). Though often confused in federal question cases, a Rule 12(b)(1) motion should not be misunderstood as a Rule 12(b)(6) motion because the standards and burdens for each motion differ drastically. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). In *Bell v. Hood*, the Supreme Court established the default rule for Rule 12(b)(1) dismissals in cases where the plaintiff alleges a violation of the Constitution or a federal statute:

> Whether the complaint states a cause of action on which relief could be granted is a question of law and . . . it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the

3

> allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

*Bell*, 327 U.S. at 682. Thus, in such cases where a court ultimately finds that a complaint fails to state a claim, the court must dismiss the claim pursuant to 12(b)(6), not 12(b)(1). *See id.*

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Last, once the well-pleaded facts have been identified and the conclusory allegations disregarded, a court must determine whether the "facts alleged in the complaint are sufficient to show the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). A complaint must contain sufficient facts to "put the defendant on notice of the nature of the plaintiff's claim." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 320 n.18 (3d Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007)). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). It is a defendant's burden to show that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Package, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III.     Analysis

#### A.     Eleventh Amendment

##### 1.     MVC

In their motion to dismiss, Defendants summarily assert that MVC is immune from suit under the Eleventh Amendment. (Defs.' Moving Br. 9, ECF No. 8.) In her opposition, Plaintiff appears to concede MVC's immunity. (Pl.'s Opp'n Br. 17, ECF No. 14.) The Eleventh Amendment states: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. CONST. amend. XI. The Supreme Court has extended the Eleventh Amendment to include actions instituted against a state by its own citizens. *See Hans v. L.A.*, 134 U.S. 1, 11 (1890). Further, "[t]he Third Circuit has held that, absent consent, a suit against 'a part of the executive branch of the New Jersey Government' is prohibited by the Eleventh Amendment." *Waskovich v. Morgano*, No. 91-1327, 1992 WL 131157, at *3 (D.N.J. June 2, 1992) (quoting *Aerated Prods. Co. v. Dep't of Health*, 159 F.2d 851, 853-54 (3d Cir. 1947)). The MVC is a part of New Jersey's executive branch. *See* N.J.S.A. 39:2A-4 ("There is hereby established a body corporate and politic, with corporate succession, to be known as the 'New Jersey Motor Vehicle Commission.' The commission shall be established in the Executive Branch of the State Government . . . ."); *see also McCollum v. N.J. Div. of Motor Vehicle*, Civ. 12-1525, 2012 WL 6185647, at *7 (D. Md. Dec. 11, 2012) (finding MVC immune from suit under the Eleventh Amendment and granting MVC's motion to dismiss). Accordingly, Plaintiff's NJLAD claim is dismissed with respect to MVC.

### 2. *Murphy*

Defendants also argue that Eleventh Amendment immunity should extend to Murphy. (Defs.' Moving Br. 9.) Plaintiff, however, argues that because she named Murphy in his individual capacity, he is not afforded Eleventh Amendment protection. (Pl.'s Opp'n Br. 4-13, ECF No. 14.) For the reasons set forth below, the Court agrees with Plaintiff that Murphy is not entitled to Eleventh Amendment immunity.

In *Haybarger v. Lawrence County Adult Probation and Parole*, a former state employee appealed the district court's summary judgment decision holding, among other things, that her supervisor was not an "employee" under the FMLA. 667 F.3d 408 (3d Cir. 2012). In deciding the appeal, the Third Circuit addressed the threshold issue of whether a state employee of a public agency could be held individually liable under the FMLA. Noting that Section 2611(4)(A)(ii)(I) of the FMLA defines "employer" as "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer," the Third Circuit held that individual liability "may be imposed upon an individual person who would not otherwise be regarded as the plaintiff's 'employer.'" *Id.* at 413-14. Additionally, the Court noted that because the definition of "employees" is the same under the FMLA and the Fair Labor Standards Act ("FLSA"), its decisions "interpreting the FLSA offer the best guidance for construing the term 'employer' as it is used in the FMLA.'" *Id.* (quoting *Modica v. Taylor*, 465 F.3d 174, 186 (5th Cir. 2006)). Therefore, the court concluded that because an employer at a public agency could be held individually liable under the FLSA, the same reasoning extends to employers under the FMLA. *Id.* at 414-15 (discussing its holding in *Hodgson v. Arnheim & Neely, Inc.*, 444 F.2d 609 (3d Cir. 1971)); *see also Hughes v. N.J., Office of the Public Defender/Dep't of Public Advocate*, No. 11-

1442, 2012 WL 761997, at *5 (D.N.J. Mar. 7, 2012) (noting in dicta that FMLA suits brought against individuals are not protected under the Eleventh Amendment).

Here, Plaintiff's cause of action explicitly provides that Murphy is named "in his individual capacity." (*See* Compl. ¶ 42.) Defendants, however, argue that "Plaintiff's clearly stated allegations against [D]efendant Murphy in his official capacity contradict her stated intention to sue him in his individual capacity." (Defs.' Reply Br. 6, ECF No. 15.) Defendants' argument is misguided. "[A]n individual is subject to FMLA liability when he or she exercises 'supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation' while acting in the employer's interest." *Haybarger*, 667 F.3d at 417 (citing *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987)). Therefore, in accordance with *Haybarger*, the Court must determine whether Plaintiff has alleged enough facts to find that Murphy was responsible in whole or part for the "alleged violation." Here Plaintiff alleges that Murphy had the authority to suspend her without pay, reject her employment accommodation plan, and terminate her employment. (Compl. ¶¶ 20, 30, 36.) Construing the Complaint in the light most favorable to the Plaintiff, the Court finds that the Plaintiff sufficiently alleged that Murphy was responsible in whole or in part for the alleged violation. Accordingly, the Eleventh Amendment does not bar Plaintiff's claims against Murphy.

    **B.**    **FMLA Interference Claim**

The Court now turns to the merits of Plaintiff's claims against Murphy. In their motion, Defendants argue that Plaintiff fails to state a claim for interference because she was not yet eligible to take FMLA leave when MVC terminated her employment. Specifically, Defendants cite Plaintiff's admission in the Complaint that she was forty-two hours short of qualifying for FMLA leave when she was terminated to argue that she fails to state a claim for relief under the

FMLA. In her opposition, Plaintiff argues that this reading of "interference" is too narrow and argues that the prohibition against interference also applies to interference with eligibility. The Court agrees with Plaintiff.

In their motion, Defendants rely on *Ross v. Gilhuly*, 755 F.3d 185 (3d Cir. 2014), to argue that because Plaintiff was not yet entitled to FMLA benefits, she cannot establish a prima facie claim of interference under the FMLA. (Defs.' Moving Br. 13-14.) *Ross*, however, does not address whether the FMLA's prohibition against interference applies to interference with eligibility. In *Ross*, the court addressed whether an employer's alleged discrimination as a result of taking FMLA leave violates the FMLA's prohibition against interference with FMLA rights. *Ross*, 755 F.3d at 192. The *Ross* court found that plaintiff's claim confuses "interference with retaliation," and found that the plaintiff failed to state a claim for interference. *Id*. Here, Plaintiff's interference claim is not based on Murphy's alleged discrimination as a result of her taking FMLA leave. Rather, Plaintiff argues that "Murphy terminated [her] for the express purpose of denying her the opportunity to qualify for and use FMLA leave." (Pl.'s Opp'n Br. 15.) Another court in this district has addressed this issue. In *Corral v. Hersha Hospitality Management, Inc.*, the plaintiff argued that her employer terminated her employment after she notified the employer that she would take FMLA leave following the birth of her child. No. 12-2375, 2012 WL 4442666, at *2 (D.N.J. Sept. 24, 2012). The employer argued that because the plaintiff was not yet eligible for leave at the time of her termination, it could not have interfered with her right to FMLA leave. Noting that the Third Circuit had not addressed this issue, the court looked to the Eleventh Circuit case of *Pereda v. Brookdale Senior Living Communities Inc.* for guidance. 666 F.3d 1269 (11th Cir. 2012). Quoting *Pereda*, the court held that "a pre-eligible employee ha[s] a cause of action if an employer terminates her in order to avoid having to accommodate that employee with rightful

FMLA leave rights once that employee becomes eligible." *Corral*, 2012 WL 4442666, at *9. Like the employer in *Corral*, Defendants here terminated Plaintiff's employment after she notified them that she would be taking FMLA leave once she became eligible.

Defendants emphasize that the *Corral* and *Pereda* plaintiffs sought continuous FMLA leave, whereas here, Plaintiff sought intermittent FMLA leave. Although the requirements differ, both continuous and intermittent FMLA foreseeable leave require the employee to provide notice, *see* 29 U.S.C. § 2612(e)(1) and § 2612(e)(2), and neither the analysis in *Pereda* nor *Corral* appears limited to the type of leave at issue. Therefore, the Court is not persuaded by this distinction. As noted in *Corral*, "a finding that non-eligible employees are not protected by the [FMLA] for requested leave once they gain eligibility, when the statute itself mandates . . . notification, would lead to an inconsistent result where both the employer and the employee must submit to gamesmanship." *Corral*, 2012 WL 4442666, at *10 (also citing *Potts v. Franklin Elec. Co.*, No. 05-433, 2006 WL 2474964, at *3 (E.D. Okla. Aug. 24, 2006) ("If courts were to read the FMLA to allow employers to dismiss ineligible employees who give advance notice of their need for FMLA leave, it would open a large loophole in the law and undermine the plain language and purpose of the notice requirement . . . ."); *see also Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001) ("The right to actually take twelve weeks of leave pursuant to the FMLA includes the right to declare an intention to take such leave in the future."). The Court finds that this analysis is equally applicable to continuous leave as to intermittent leave.

Finally, as addressed in *Pereda*, providing employees FMLA protection prior to their becoming eligible will not lead to "[t]he scenario in which an employee works eight hours and then requests foreseeable FMLA leave beginning in 364 days . . . ." *Pereda*, 666 F.3d at 1276. The Court's holding does not eliminate the ability of employers to terminate their employees for

9

legitimate reasons nor does it mean that the employee satisfies all other prima facie requirements. *Id.* Accordingly, Defendants' motion to dismiss is denied with respect to Plaintiff's interference claim against Murphy.

### C. FMLA Retaliation Claim

"To assert a retaliation claim, a plaintiff must demonstrate that: (1) he or she is protected under the FMLA, (2) he or she suffered an adverse employment action, and (3) the adverse action was causally related to the plaintiff's exercise of his or her FMLA rights." *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 508 (3d Cir. 2009) (quoting *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 146 (3d Cir. 2004)). Although Plaintiff's Complaint does not distinguish between her interference and retaliation causes of action, Plaintiff has alleged that she was entitled to FMLA leave in 2011, 2012, and 2013, and as a result of taking this leave, Murphy demanded that she accept a demotion and thereafter terminated her employment. (Compl. ¶¶ 11, 13, 30, 36, 39.) Construing these allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently pled a retaliation cause of action.[2]

### D. NJLAD Claim

Finally, Defendants argue that if the Court finds that Plaintiff's NJLAD claim fails against MVC because it is immune from liability, it must also find that the NJLAD fails against Murphy. (Defs.' Moving Br. 15.) The Court agrees. "[I]ndividual liability does not exist under the NJLAD absent evidence that the individual was 'aiding and abetting' discrimination by the employer. Such

---

[2] In their reply, Defendants argue that Plaintiff fails to establish a prima facie showing of retaliation because she was reinstated and therefore did not suffer an adverse employment action. (Defs.' Reply Br. 4.) Because Defendants raise this argument for the first time in their reply, the Court need not consider this argument. *See Strikeforce Techs., Inc. v. WhiteSky, Inc.*, No. 13-1895, 2013 WL 4876306, at *2 (D.N.J. Sept. 11, 2013) ("New arguments raised for the first time in a reply brief may be disregarded by the Court.").

proof is impossible if the [c]ourt has no jurisdiction over the employer." *Hughes*, 2012 WL 761997, at *3 (citation omitted); *see also Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 307 n.15 (3d Cir. 2004) (dismissing NJLAD claims against individual defendants). As explained in *Hanai v. New Jersey*, "an individual employee can not [sic] be found liable for discrimination under NJLAD unless the employer is first found liable." No. 03-3111, 2005 WL 1308231, at *16 (D.N.J. May 31, 2005). Here, "the principal, [MVC], cannot be found liable because . . . [it is] immune from suit under the Eleventh Amendment. Thus, it would be impossible to establish [Murphy's individual liability]." *Id.; see also Hughes*, 2012 WL 761997, at *3 ("Since the State employer is immune from liability under the NJLAD, individual liability does not exist."); *Mitchell v. N.J. Lottery*, No. 04-896, 2006 WL 1344092, at *12 (D.N.J. May 15, 2006) (finding that individual liability under NJLAD does not exist where State employer is immune). *But see Uwalaka v. New Jersey*, No. 04-2973, 2005 WL 3077685, at *3 (D.N.J. Nov. 15, 2005) ("[T]here is no reason to extend the sovereign immunity of the State to private parties accused of aiding and abetting a State employer in violation of the NJLAD statutes."). Accordingly, Plaintiff's NJLAD claim is dismissed.

## IV.    Conclusion

For the reasons set forth above, Defendants' motion to dismiss is granted in part and denied in part. Defendants' motion to dismiss is granted with respect to Count Three, and Count Three is dismissed with prejudice. Defendants' motion to dismiss is denied with respect to Counts One and Two. An order consistent with this Memorandum Opinion will be entered.

*/s/ Michael A. Shipp*
Michael A. Shipp
United States District Judge

Dated: September 22, 2016

11